**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 00-10434
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR HERNANDEZ,

Defendant-
Appellant.

--------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-234-5-H
--------------------------------------------------------
February 9, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Oscar Hernandez appeals his convictions for a drug conspiracy, possession of narcotics with intent to distribute, and possession of a firearm in furtherance of a drug offense. He asserts that the evidence was insufficient to support his firearms conviction. We hold that the evidence was sufficient to find a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. See United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982)(en banc), aff'd, 462 U.S. 356 (1983).

Hernandez also challenges the district court's calculation of the base offense level based upon the information set forth in the presentence investigation report (PSR). He contends that the PSR stated that he should be held responsible for 16,000 pounds of marijuana because he was involved in the conspiracy for 16 months and the conspiracy received 1,000 pounds each month, but that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial testimony did not support these conclusions. He did not challenge these facts in the district court, and review is for plain error. United States v. Krout, 66 F.3d 1420, 1434-35 (5th Cir. 1995); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). Trial testimony supports the statements in the PSR regarding the length of Hernandez's involvement in the conspiracy and the monthly drug amount attributable to the conspiracy. Hernandez also contends, as he did in the district court, that the 16,000 pounds of marijuana was not reasonably foreseeable to him and that he should be sentenced based only on the drug amounts connected to him at trial. Because Hernandez was convicted for participation in a drug conspiracy, he may be sentenced based upon a larger drug amount than he personally possessed or controlled. See United States v. Puig-Infante, 19 F.3d 929, 942 (5th Cir. 1994). His actions as a regular runner of drugs and money and as an individual in charge of storing drugs for the conspiracy permits a rational conclusion that Hernandez could have reasonably foreseen these additional drug quantities.

Hernandez contends that the district court erred in not granting him a downward adjustment for his minor role in the offense under U.S.S.G. § 3B1.2. Such a reduction is applicable only if the defendant is substantially less culpable than the average participant. United States v. Lokey, 945 F.2d 825, 840 (5th Cir. 1991); U.S.S.G. § 3B1.2, comment. (n.3). A review of the actions taken by the other members of the conspiracy reveals that Hernandez was an average participant and that the district court therefore did not err in failing to award a reduction. United States v. Devine, 934 F.2d 1325, 1340 (5th Cir. 1991).

Hernandez maintains that because his sentence is significantly higher than those received by his codefendants, the district court erred in applying the Sentencing Guidelines to him. A defendant "cannot base a challenge to his sentence solely on the lesser sentence given by the district court to his codefendant." United States v. Boyd, 885 F.2d 246, 249 (5th Cir. 1989). As stated above, the information provided in the PSR is not inherently unreliable and will not support a conclusion that the district court should not have sentenced Hernandez under the Sentencing Guidelines. His conviction and sentence are AFFIRMED.